EUGENE CRANE, as Trustee for the Estate of William E. Rooney, Inc., Plaintiff-Appellant, v. ERHARD CHORLE *et al.*, Defendants-Appellees.

Third District   No. 3—90—0836

Opinion filed August 23, 1991.

Julie A. Correll, of Wildman, Harrold, Allen & Dixon, of Chicago (Roderick A. Palmore, of counsel), for appellant.

William F. Conlon and Robert H. Rhode, both of Sidley & Austin, of Chicago (Kathleen Roach, of counsel), for appellee Erhard Chorle.

William J. Harte, David J. Walker, and Rebecca R. Garber, all of William J. Harte, Ltd., of Chicago, for appellee Cynthia Cacciatore.

JUSTICE HAASE delivered the opinion of the court:

The plaintiff, Eugene Crane, in his capacity as bankruptcy trustee for the estate of William E. Rooney, Inc., brought suit against the defendants, Erhard Chorle and Cynthia Cacciatore, individually and in their capacity as officials with the Secretary of State of Illinois, Securities Division. According to Crane, the defendants negligently failed to issue a cease and desist order against William E. Rooney, Inc., for 15 months after they acquired knowledge that Rooney was violating

Illinois security laws. In response, the defendants filed a motion to dismiss the plaintiff's complaint for failure to state a cause of action. The defendants contend they are immune from suit. The trial court agreed and ordered the plaintiff's complaint dismissed. The plaintiff appeals. We affirm.

William E. Rooney conducted a "Ponzi" scheme to defraud investors and was convicted in June 1989 on both State and Federal charges arising from this scheme. Rooney sold promissory notes to investors representing that the funds from the sale of the notes would be used to finance consumer loans. In reality, Rooney used the money for his personal investment.

In 1986, Cynthia Cacciatore, an investigator with the Securities Division of the Secretary of State's office, came across an advertisement for the sale of the Rooney notes. Cacciatore wrote a letter to Rooney in late 1986 requesting more information about the notes. In January 1987, the law firm of Jenner & Block responded to Cacciatore's inquiry on behalf of Rooney. Cacciatore was apparently satisfied with the response and did not pursue the matter further until September of 1987. On September 21, 1987, Cacciatore issued a subpoena requesting all financial records from Rooney for the past three years. In response, Craig Bradley, an attorney with Jenner & Block, contacted Cacciatore on behalf of Rooney and obtained an extension of time in which to comply. Over the next couple of months, Cacciatore corresponded with several attorneys from Jenner & Block and visited the law firm several times to review Rooney documents. In November of 1987, Cacciatore advised Jenner & Block that the sale of the notes probably violated Illinois security laws. After several delays in scheduling further document productions, Jenner & Block withdrew from its representation of Rooney.

On February 2, 1989, the Secretary of State began administrative proceedings against Rooney. On March 3, 1989, the Secretary of State issued a cease and desist order forbidding Rooney from selling promissory notes in the State of Illinois.

The trial court ruled that since the plaintiff acknowledges in his complaint that a cease and desist order was actually entered against Rooney, the only negligence which could sustain the plaintiff's claim relates to the interval of time between possible firsthand knowledge by the defendants of a violation of Illinois law by Rooney and the entry of a cease and desist order. The court ruled that decisions such as when and how to initiate and conduct a formal investigation, gather evidence, and seek a cease and desist order all involve elements of discretion. Inasmuch as the plaintiff's complaint is devoid of any alle-

gations or inference that the defendants acted from corrupt or malicious motives, the court ruled the defendants are immune from suit. We agree.

■ Public officials are immune from suit for the performance of discretionary duties undertaken in good faith. (*Mora v. State* (1977), 68 Ill. 2d 223, 369 N.E.2d 868.) The plaintiff argues that once the Secretary of State makes a finding that a party has violated Illinois securities laws, the issuance of a cease and desist order is not discretionary. The plaintiff is correct. (See Ill. Rev. Stat. 1989, ch. 121½, par. 137.11(E).) The plaintiff goes astray, however, when he asserts that a *finding* under section 11 was made when Cacciatore informed Jenner & Block that the sale of the Rooney notes *probably* violated Illinois law. The subjective belief of an investigator for the Secretary of State does not constitute a finding under section 11(E). A finding under this section refers to a formal written finding made after an administrative hearing. See Ill. Rev. Stat. 1989, ch. 121½, par. 137.11(F)(1).

■ The trial court correctly determined that the plaintiffs, as governmental officials, are immune from suit for the performance of their discretionary duties undertaken in good faith. Decisions involving the initiation, scope, and timing of administrative proceedings necessarily involve such acts of discretion. Absent allegations that the delay between the initial investigation and the ultimate administrative proceeding was the product of fraud, bad faith, or corrupt motives, the plaintiff's complaint fails to state a cause of action.

For the aforesaid reasons, the judgment of the Will County Circuit Court is affirmed.

Affirmed.

STOUDER, P.J., and BARRY, J., concur.